**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRIAN WEST AND LISA WEST,

Plaintiffs,

v. No. 2:26-cv-02269-KG-JMR

MATTHEW SCHUTT,
SPARTAN COMPANIES, LLC,
QUALITY PROCESS SERVICES, LLC;

Defendants.

**ORDER GRANTING MOTION TO REMAND**

This matter is before the Court on Plaintiffs' Motion for Remand filed August 4, 2026. Doc. 13. Defendant Spartan Companies, LLC filed a response on August 18, 2026. Doc. 19. Plaintiffs filed a reply on August 31, 2026. Doc. 23. Having considered the briefing of the parties and otherwise being fully advised, the Court grants Plaintiffs' Motion to Remand.

## *I. Background*

On June 5, 2026, Plaintiffs filed a Complaint for Personal Injury Damages ("Complaint") against Defendants Matthew Schutt, Spartan Companies, LLC, and Quality Process Services, L.L.C., ("Defendants") in First Judicial Distrct Court for Rio Arriba County. Doc. 1-1. The Complaint alleges that Plaintiff Brian West was replacing a mechanical piece of a cooling system when Mr. Schutt and Mr. Tagert disengaged a pipe that hit Mr. West. Doc. 1-1 ¶¶ 18–23. As a result of the pipe dislodging, Plaintiff suffered injuries that required him to be emergency airlifted to Lubbock, Texas. *Id.*

On July 13, 2026, Defendant Spartan Companies, LLC ("Defendant Spartan") removed the Complaint to this Court alleging Plaintiffs had fraudulently joined Defendant Schutt to

prevent removal. Doc. 1 at 3. Defendant Spartan does not dispute that Defendant Schutt is a citizen of the State of New Mexico. *Id.* However, Spartan argues that "his joinder is fraudulent because the complaint does not present a valid cause of action against him." *Id.*

Defendant Spartan argues "the complaint states only a mere allegation that Defendant Schutt breached various duties to Plaintiff; there are no facts pleaded that would substantiate these allegations." *Id.* Plaintiffs respond that the Complaint states that Defendant Schutt (1) failed to ensure the spool piece was adequately secured and stabilized; (2) engaged in an unsafe and unstable installation sequence of the spool piece; (3) only minimally tightened the spool piece; (3) failed to verify that the pressure had been relieved from the cooling system; and (4) proceeded to install the spool piece after it had previously dislodged. Doc. 13 at 6; *see also* Doc. 1-1 ¶ 19. Plaintiffs claim these actions were negligent and resulted in damages. Doc. 1-1 ¶¶ 18–23.

## *II. Discussion*

A case may be removed to federal court by a defendant based on diversity jurisdiction absent complete diversity when the plaintiff joined a nondiverse party in the state action in order to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991) ("[i]f . . . plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder"). "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 890, 987 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing*, LP, 648 F.3d 242, 249 (5th Cir. 2011). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in

favor of the plaintiff." *Id*. (quoting *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998).

There is no claim here of actual fraud. As a result, this Court focuses on the second prong of the fraudulent joinder test. In *McGrath v. City of Albuquerque,* this Court articulated the test for fraudulent joinder as

> whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join in the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

2015 WL 4994735, at *19-20 (emphasis added) (citing *Dutcher*, 733 F.3d at 988 and quoting *Cuevas*, 648 F.3d at 249). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 987 (quoting *Pampillonia,* 138 F.3d at 461). The standard to establish fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." *Montano v. Allstate Indemnity Co*., 211 F.3d 1278, 2000 WL 525592, at *2.

***A. Fraudulent Joinder***

Plaintiffs argue that Defendant Spartan is trying to use the Fed. R. Civ. P. 12(b)(6) standard to establish fraudulent joinder and that under the correct standard Defendant Spartan has presented no evidence of fraudulent joinder. Doc. 13 at 7. Defendant Spartan argues that the Complaint "fails to articulate a set of facts upon which any cause of action could be based." Doc. 19 at 2. The Court agrees with Plaintiffs that the standard for showing fraudulent joinder is

not Fed. R. Civ. P. 12(b)(6). Rather, the burden is on the removing party to prove the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019); *see also McGrath*, 2015 WL 4994735, at *19 ("[T]he test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.")

In *Halliday*, the plaintiff could not establish a claim against a trustee because Utah law prohibited joining a trustee in an action that did "not pertain to the trustee's obligations." *Id.* Since none of the claims in *Halliday* concerned the actions of the trustee, Utah law prohibited such a suit and therefore plaintiff was unable to bring a claim against the trustee. *Id.* In *Smoot v. Chicago Rock Island & Pac. R.R. Co.*, which Defendant Spartan cites, the fraudulently joined employee "had been terminated almost fifteen months before the collision and . . . was in no way connected with the acts of negligence ascribed to him." 378 F. 2d 879, 881 (10th Cir. 1967). There again, the plaintiff would be unable to bring a claim against that employee. That is not the case here.

Plaintiffs brought a claim for negligence against Mr. Schutt which adequately alleges he was partially responsible for Plaintiffs' injuries. Doc. 1-1 ¶¶ 21–23. The Court is satisfied Plaintiffs would be able to establish a cause of action against Mr. Schutt in state court. *See Halliday*, 768 F. App'x at 814; *McGrath*, 2015 WL 4994735, at *19. As a result, the Court concludes Defendant Spartan has not met its burden to demonstrate fraudulent joinder and will remand this case to state court.

***B. Attorney Fees***

Plaintiffs request an award of costs and attorney fees under 28 U.S.C. § 1447(c). A district court may award fees and costs "only when the removing party lacked an objectively

reasonable basis for seeking removal[.]" *Kiker v. Cmty. Health Sys. Pro. Servs. Corp.*, 484 F. App'x 215, 216 (10th Cir. 2012) (citation omitted). Here, Defendant Spartan's arguments do not reflect the relevant case law, and a review of the Complaint shows Plaintiffs' allegations establish a cause of action against Mr. Schutt under state tort law. Having reviewed the briefing and the relevant case law, the Court is persuaded that Defendant Spartan lacked an objectively reasonable basis for removal. As a result, the Court concludes that reasonable attorney fees and costs should be awarded to Plaintiffs.

### *III. Conclusion*

Based the foregoing, the Court grants Plaintiffs' Motion for Remand, orders this case remanded back to First Judicial District Court for Rio Arriba County, and awards reasonable attorney fees and costs to the Plaintiffs. Plaintiffs shall submit an affidavit of fees and costs within fourteen (14) days of the entry of this Order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.